The Honorable Travis Boyd State Representative 280 West Court Street Piggott, AR 72454-2640
Dear Representative Boyd:
You have presented the following questions for my opinion:
 (1) Are the planning and development districts that are created under A.C.A. § 14-166-201 et seq. "local public procurement units" under A.C.A. § 19-11-201 et seq.?
 (2) Are regional solid waste management boards that are created under A.C.A. § 8-6-701 et seq. "local procurement units" under A.C.A. § 19-11-201 et seq.?
RESPONSE
Question 1 — Are the planning and development districts that are createdunder A.C.A. § 14-166-201 et seq. "local public procurement units" underA.C.A. § 19-11-201 et seq.?
Summary of Response: It is my opinion that planning and development districts that are created under A.C.A. § 14-166-201 et seq. constitute "local public procurement units," under A.C.A. § 19-11-201 et seq. if they expend public funds for the acquisition or leasing of commodities or services.
Discussion
The question of whether an entity constitutes a "local public procurement unit" is pertinent to the issue of whether that entity is subject to certain provisions of the Arkansas Procurement Law (A.C.A. § 19-11-201 etseq.). See esp. A.C.A. § 19-11-249 through -258.
The term "local public procurement unit," for purposes of the Arkansas Procurement Law, is defined in A.C.A. § 19-11-206, as follows:
(2) "Local public procurement unit" means:
 (A) Any county, city, town, state agency, and any other subdivision of the state or public agency thereof,
(B) Any fire protection district;
(C) Any regional water distribution district;
(D) Any rural development authority;
(E) Any public authority;
(F) Any public educational, health, or other institution;
 (G) Any nonprofit corporation during such time that it contracts with the Division of Developmental Disabilities Services of the Department of Human Services to provide services to the developmentally disabled, provided the contract exceeds seventy-five thousand dollars ($75,000) per year;
 (H) Any nonprofit corporation providing fire protection services to a rural area or providing drinking water to the public in a rural area;
 (I) Any nonprofit corporation which contracts with the Department of Human Services, provided that the contract includes provisions for transportation services, and the contract exceeds seventy-five thousand dollars ($75,000) per year; and
 (J) To the extent not prohibited by law, any other entity which expends public funds for the acquisition or leasing of commodities and services;
A.C.A. § 19-11-206.
Of the above-listed categories of entities that constitute local public procurement units, the only category into which planning and development districts that are created under A.C.A. § 14-166-201 et seq. can fit is subsection (J). Such districts belong to this category only if they expend public funds for the acquisition or leasing of commodities and services. These districts do receive public funds. A.C.A. § 14-166-204. The question is thus whether they expend these funds for the acquisition or leasing of commodities or services.
The term "commodities" is defined for purposes of the Arkansas Purchasing Law as follows:
 (4) "Commodities" means all property, including, but not limited to, equipment, printing, stationery, supplies, and insurance but excluding leases on real property, real property or a permanent interest in real property, exempt commodities and services, and capital improvements[.]
A.C.A. § 19-11-203(4).
The term "services" is defined as follows:
 (27)(A) "Services" means the furnishing of labor, time, or effort by a contractor, not involving the delivery of a specific end product other than reports which are merely incidental to the required performance.
 (B) This term shall not include employment agreements, collective bargaining agreements, exempt commodities and services, or architectural or engineering contracts requiring approval of Arkansas State Building Services or public institutions of higher education
A.C.A. § 19-11-203(27).
The term "exempt commodities and services" is defined as follows:
(14) "Exempt commodities and services" means:
 (A) Advertising in newspapers, periodicals, and related publications, and on television, radio, billboards, and electronic media;
(B) Animals procured for medical research;
 (C)(i) Commodities and services for use in research, education, and treatment for the diagnosis, cure, and prevention of disease may be procured, with administrative approval, through a group purchasing entity serving other public health institutions when substantial savings are available.
 (ii) A report shall be filed annually with the division of the Legislative Audit reflecting the justification of and the estimated savings accruing due to the use of this exemption;
 (D)(i) Commodities procured for resale in cafeterias, commissaries, bookstores, gift shops, canteens, and other similar establishments.
 (ii) However, these commodities procured shall not be sold or transferred to any agency with the intent of circumventing applicable procurement procedures;
 (E) Commodities procured from nonprofit workshops in accordance with § 19-11-501 et seq.;
 (F)(i) Contracts awarded by agencies for the construction of buildings and facilities and for major repairs.
 (ii) These contract exemptions shall not extend to the procurement of any commodities not otherwise exempt, which are to be furnished by the agency under any such contract;
 (G) Contracts awarded by the Arkansas State Highway and Transportation Department for the construction, reconstruction, and maintenance of roads and bridges in the state highway system and for the county rural road aid, and city street aid programs;
 (H) Contracts by institutions of higher learning for personal and consulting services and contracts with students;
 (I)(i) Farm products procured or sold by a state agency having an agency procurement official.
 (ii) The current trade customs with respect to the procurement or sale of cotton, cotton seed, rice, and other farm products shall be followed when it is necessary to do so in order to obtain the best price for the commodities procured or sold;
(J) Fees, including medical fees and physician fees;
 (K) Foster care maintenance services provided by foster family homes approved by the Division of Children and Family Services for children whose placement and care are the responsibility of the division;
(L) Freight and storage charges and demurrage;
(M) Licenses required prior to performance of services;
 (N)(i) Livestock procured by an agency having an official experienced in selection and procurement of livestock.
 (ii) Such procurement will be reported to the State Procurement Director, giving details of the purchase;
 (O) Livestock procured for breeding, research, or experimental purposes;
(P) Maintenance on office machines and technical equipment;
 (Q) Medical items specifically requested by a physician for treatment or diagnosis of patients in his or her care including prosthetic devices, surgical instruments, heart valves, pacemakers, radioisotopes, and catheters;
(R) Membership in professional, trade, and other similar associations;
(S) Perishable foodstuffs for immediate use or processing;
(T) Postage;
 (U) Professional and consultant services procured in accordance with § 19-4-1701 et seq.;
 (V) Published books, manuals, maps, periodicals, films, technical pamphlets, and copyrighted educational aids for use in libraries and for other informational or instructional purposes in instances in which other applicable law does not provide a restrictive means for the acquisition of them;
(W) Services of visiting speakers, lecturers, and performing artists;
(X) Taxes;
 (Y) Travel expense items such as room and board and transportation charges;
 (Z) Utility services or equipment which is defined, recognized, and regulated by the Arkansas Public Service Commission as a monopoly offering; and
(AA) Works of art for museum and public display[.]
A.C.A. § 19-11-203(14).
If any planning and development district that was created under A.C.A. §14-166-201 et seq. expends its allocation of public funds for the acquisition or leasing of non-exempt commodities or services within the meaning of the above-quoted definitions, it constitutes a "local public procurement unit" for purposes of the Arkansas Procurement Law.
It should be noted that the Arkansas Procurement Law states the following limitation on its applicability:
 (a) This subchapter shall apply to every expenditure of public funds by this state, acting through a state agency as defined in 19-11-203, under any contract. This subchapter shall not apply to either grants or contracts between the state and its political subdivisions or other governments, except as provided in 19-11-206 and 19-11-249 -19-11-258. It shall also apply to the disposal of state commodities. This subchapter shall not apply to contracts between agencies, except as provided in 19-11-206 and 19-11-249—19-11-258.
 (b) The provisions of this subchapter shall not preclude the acceptance of gifts and donations in the manner authorized by law.
A.C.A. § 19-11-207.
Question 2 — Are regional solid waste management boards that arecreated under A.C.A. § 8-6-701 et seq. "local procurement units"under A.C.A. § 19-11-201 et seq.?
Summary of Response: It is my opinion that regional solid waste management boards that are created under A.C.A. § 8-6-701 et seq.
constitute "local procurement units" under A.C.A. § 19-11-201 et seq. if they expend public funds for the acquisition or leasing of commodities or services.
Discussion
Like the planning and development districts that were discussed in response to Question 1, regional solid waste management districts that are created under A.C.A. § 8-6-701 et seq. can fit into only one of the categories of entities listed in A.C.A. § 19-11-206 that constitute "local public procurement units" — the category described in subsection (J). Accordingly, these districts will constitute "local public procurement units" only if they expend public funds for the acquisition or leasing of commodities or services. Regional solid waste management districts are authorized to receive public funds in the form of grants from the Waste Tire Grant Fund, which is constituted from fees and appropriations. See A.C.A. § 8-9-404. Grants from this fund must be used for the purposes listed in A.C.A. § 8-9-405, some of which could reasonably be interpreted to constitute "commodities" or "services," within the meaning of the Arkansas Purchasing Law. See A.C.A. §19-11-203(4)(14)(27), all of which are set out in full in response to Question 1.
For this reason, I conclude that if a regional solid waste management district receives grants from the Waste Tire Grant Fund (or public funds from any other source), and if that district expends those public funds for the acquisition or leasing of commodities or services, it constitutes a "local public procurement unit," within the meaning of A.C.A. §19-11-206. The limitations on applicability, as stated in A.C.A. §19-11-207, quoted above, must also be considered.
It should also be noted that this office has previously opined that regional solid waste management districts are "state agencies" that are subject to the Arkansas Procurement Law. See Op. Att'y Gen. No. 91-442.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General